UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 9176 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| BLITT & GAINES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

On November 15, 2013, Blitt & Gaines, P.C., a debt collection law firm, sued Patrick Gillespie in state court on behalf of its client, Citibank, N.A., over an alleged $3,200 debt. Doc. 1-1. Blitt filed the suit in the Richard J. Daley Center Courthouse in Chicago, Illinois, which is part of the First Municipal District of the Circuit Court of Cook County, Illinois. Doc. 27 at 1; Doc. 35; Doc. 1-1 at 2. Gillespie, though, lived in River Grove, Illinois, which lies in the Fourth Municipal District. Doc. 27 at 1; Doc. 35; Doc. 1-2 at 2. Gillespie did not appear in the collection suit, and Blitt obtained a default judgment. Doc. 27 at 1; Doc. 35.

The Fair Debt Collection Practices Act ("FDCPA") requires debt collectors to file collection actions in the "judicial district or similar legal entity" where the contract was signed or where the debtor resides. 15 U.S.C. § 1692i(a)(2). When Blitt sued Gillespie in November 2013, *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), explicitly permitted a debt collector to file a collection suit in a municipal district of the Cook County Circuit Court other than the one where the debtor resided. *Id*. at 819 (holding that because "the Municipal Department districts are neither defined as judicial districts, nor … function as judicial districts," they "do not fit within the definition of 'judicial district' as employed by the FDCPA"). Just two weeks before

1

Blitt filed its suit, in fact, a panel of the Seventh Circuit, "see[ing] no reason to depart from [the court's] existing approach in § 1692i cases," adhered to *Newsom*. *Suesz v. Med-1 Solutions, LLC*, 734 F.3d 684, 686 (7th Cir. 2013).

Six months later, however, the Seventh Circuit reversed course, vacating the panel opinion in *Suesz*; overruling *Newsom*; holding that "the correct interpretation of 'judicial district or similar legal entity' in § 1692i is the smallest geographic area that is relevant for determining venue in the court system in which the case is filed"; and, critically for this case, giving its new interpretation of § 1692i retroactive effect, even though debt collectors "ha[d] relied on *Newsom* to allow them to choose venue anywhere in the appropriate county." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638, 649 (7th Cir. 2014) (en banc). For Blitt, this was very bad luck or, depending on your perspective, proof that karma exists. Taking advantage of this opportunity for litigation arbitrage, Gillespie promptly sued under the FDCPA. Doc. 1. His lawyers—bereft of shame or, again depending on your perspective, serving as karma's logistics department—have brought twenty-one other suits against Blitt and dozens more against other debt collectors, all for collection suits initiated prior to the en banc decision in *Suesz*. Doc. 26 at 10-11 & nn.9 & 11.

In light of *Suesz*, Blitt admitted that it had violated § 1692i by filing in the First Municipal District and therefore conceded that the Gillespie was entitled to summary judgment as to liability. Doc. 22; 3/10/2015 Tr. (Doc. 36-1) at 2-3. Now before the court is Blitt's motion for summary judgment as to damages, which contends that under the particular facts and circumstances of this case, Gillespie's damages should be nil. Doc. 26.

The FDCPA allows the recovery of actual damages and statutory damages. *See* 15 U.S.C. § 1692k(a). At the hearing where Blitt conceded liability, Gillespie represented that he would be seeking only statutory damages, as well as attorney fees and costs:

> THE COURT: … The plaintiff, by agreement of the parties, is granted summary judgement ... solely as to liability on the FDCPA claim. And then the only issue is damages.
>
> And what's the plaintiff looking for here?
>
> MS BLACH: We're looking for statutory [damages] of $1,000 and reasonable attorney's fees and costs.
>
> * * *
>
> THE COURT: … And what's your plan going to be with respect to damages?
>
> MS. BLACH: As I stated just a couple of moments ago, we'll file an accounting, and we're seeking $1,000 of statutory [damages] for the plaintiff.

3/10/2015 Tr. (Doc. 36-1) at 4-5.

Despite Gillespie's representation that he would not seek actual damages, Blitt's summary judgment motion nonetheless argues that it is entitled to summary judgment as to actual damages. Doc. 26 at 2-3. In support, and citing its uncontested Local Rule 56.1(a)(3) statement, Blitt notes that "[a]lthough Gillespie's Counsel regularly appears at the Daley Center where the Collection Action was filed, Gillespie has not filed an appearance, a motion to vacate or a motion to transfer." *Id*. at 3; *see* Doc. 27 at 1 (Blitt's Local Rule 56.1(a)(3) statement, which asserts that "Gillespie never filed an appearance in the Collection Case"); Doc. 35 (Gillespie's Local Rule 56.1(b)(3)(B) response, which states, "Plaintiff agrees with Defendant's Local Rule 56.1 statement of material facts"). Blitt adds that "Gillespie does not contend that he would have appeared had the Collection Case been filed in the 4th Municipal District, ten (10) miles closer to his residence." Doc. 26 at 3. Blitt concludes: "Accordingly, there is no genuine issue of fact, Gillespie incurred no actual damages and therefore, Blitt is entitled to an order of summary judgment in its favor as to actual damages as a matter of law." *Ibid*.

In response, and contrary to what he had said in open court, Gillespie argues that he should be allowed to "proceed to trial to prove actual damages." Doc. 34 at 3. Even putting aside Gillespie's earlier representation that he was not seeking actual damages, summary judgment as to actual damages is warranted.

Actual damages may be recovered only if the FDCPA violation caused harm to the plaintiff. As the Seventh Circuit put it, "only losses flowing from an FDCPA violation are recoverable as actual damages." *Thomas v. Law Firm of Simpson & Cybak*, 244 F. App'x 741, 743 (7th Cir. 2007). This holding is consistent with subsequent decisions characterizing actual damages as damages caused in some way by the FDCPA violation. *See Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014) (noting that a debt collector who violates § 1692i "inflicts an injury measured by the costs of travelling or sending a lawyer to the remote court and moving for a change of venue"); *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 629 (7th Cir. 2009) ("Were the plaintiffs seeking actual damages rather than just statutory damages, they would have to present some evidence that they were misled to their detriment."). The holding also is consistent with decisions construing the actual damages provision in the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, *see Vallies v. Sky Bank*, 591 F.3d 152, 157 (3d Cir. 2009) (collecting cases), which courts often consult for guidance when applying parallel provisions in the FDCPA, *see*, *e.g.*, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 588-89 (2010), *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 n.3 (7th Cir. 1997).

As noted above, Blitt argues with record support that Gillespie did not suffer any harm due to its unlawful (in retrospect) filing of the collection suit in the wrong (in retrospect) Cook County courthouse. Where, as here, the movant meets its burden of "showing … that there is an absence of evidence to support to nonmoving party's case," the non-movant has the burden to

4

"go beyond the pleadings … to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in [his] favor." *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014) (internal quotation marks omitted). Although Gillespie argues that the FDCPA's actual damages provision covers more than the costs of "an attorney appearing in a remote incorrect venue," Doc. 34 at 4, he fails to identify which actual damages he *actually* suffered, much less adduce evidence from which a jury could conclude that the § 1692i violation caused him actual harm.

Gillespie's brief does contend that "by virtue of being sued in an inconvenient forum," he "was denied his day in court" and "[a]s a result … took a default judgment." *Id*. at 8. But Gillespie does not support this contention with evidence. As noted above, Gillespie admits the assertions in Blitt's Local Rule 56.1(a)(3) statement—which, insofar as it speaks to the point, refutes rather than supports the proposition that he suffered actual damages—and he failed to file a Local Rule 56.1(b)(3)(C) statement that could have put evidence regarding actual damages, such as an affidavit from Gillespie himself, before the court. Gillespie does not need discovery from Blitt to show that he suffered damages; he is in the best position to make that showing. Accordingly, the assertion in Gillespie's brief that he suffered a default judgment as a result of Blitt's FDCPA violation, standing alone and without supporting evidence, cannot forestall summary judgment. *See Mitze v. Colvin*, 782 F.3d 879, 882 (7th Cir. 2015) ("assertions in briefs are not evidence"); *In re Morris Paint & Varnish Co.*, 773 F.2d 130, 134 (7th Cir. 1985) ("Arguments and factual assertions made by counsel in a brief, unsupported by affidavits, cannot be given any weight.").

True enough, *Suesz* tightened the definition of "judicial district" in part due to the concern that *Newsom* made it too easy for debt collectors to "sue in a court that is not convenient

to the debtor, as this makes default more likely." 757 F.3d at 639.  But *Suesz* dealt only with liability; the decision does not say or even imply that *every* violation of the § 1692i venue requirement causes actual damages.  Nor does *Suesz* relieve FDCPA plaintiffs from having to adduce evidence of actual harm once a defendant moving for summary judgment meets its initial burden.  Because Gillespie never goes beyond his pleadings and his unsupported assertions to prove that he suffered any actual damages flowing from the FDCPA violation, Blitt's summary judgment motion is granted with respect to actual damages.

As for statutory damages, the FDCPA authorizes plaintiffs to collect such damages "as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A).  In determining the amount of statutory damages to award, "the court shall consider, among other relevant factors … the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).  Although the statute says "the court," the Seventh Circuit has held that "§ 1692k(a)(2) of the FDCPA provides for trial by jury in determining statutory additional damages."  *Kobs v. Arrow Serv. Bureau, Inc.*, 134 F.3d 893, 898 (7th Cir. 1998); *see also Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 832 (11th Cir. 1982).  The district court's decision in *Dewey v. Associated Collectors, Inc.*, 927 F. Supp. 1172, 1176 (W.D. Wis. 1996), which Blitt cites as supplemental authority, Doc. 42 at 3, concluded otherwise, but it of course must yield to *Kobs*.

The three factors enumerated in § 1692k(b)(1) might be thought to disfavor an award of substantial statutory damages here.  In particular, one could not reasonably say that Blitt intentionally violated the FDCPA, for at the time it filed the collection suit, *Newsom* permitted it to file at the Daley Center.  Nevertheless, § 1962k(b) is multifaceted and open-ended, granting

6

the factfinder considerable discretion to set statutory damages. Even those circuits where district judges decide statutory damages without a jury have never suggested that statutory damages *must* be disallowed for very marginal violations of the FDCPA; rather, it is a matter of discretion. *See Lester E. Cox Med. Ctr. v. Huntsman*, 408 F.3d 989, 993-94 (8th Cir. 2005) (finding no abuse of discretion in declining to award statutory damages because, "[f]or *de minimis* or technical violations, *some* courts refuse to award statutory damages") (emphasis added); *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991) ("in the instance of a single, trivial, and unintentional violation of the Act, *it is within the court's discretion* to decline to award statutory damages at all") (emphasis added); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27-28 (2d Cir. 1989) (holding that "ample discretion" permits an award of $0 in statutory damages where the defendant "did not intend to deceive or harass [the plaintiff] and there is no contention that [the defendant] has frequently or persistently violated the Act").

Although the FDPCA contains a bona fide error defense, 15 U.S.C. § 1692k(c), the Supreme Court has held that it does not apply when the mistake is one of law. *See Jerman*, 559 U.S. at 604-05 ("the bona fide error defense … does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute"). It follows that mistakes of law do not categorically preclude statutory damages, either. As *Jerman* stated, "we see no conflict … in reading the Act to *permit* a court [in the Seventh Circuit, read: 'a jury'] to adjust statutory damages for a good-faith misinterpretation of law, even where a debt collector is not entitled to the categorical protection of the bona fide error defense." *Id*. at 594 (emphasis added). *Jerman* then reiterated that § 1692k(b) merely "vests courts *with discretion* to adjust [statutory] damages where a violation is based on a good-faith error." *Id*. at 598 (emphasis added).

7

This is a problem for Blitt's motion, for as the Seventh Circuit has explained—with reference to 17 U.S.C. § 504(c), a statutory damages provision in the Copyright Act—"[w]hen there is a material dispute of fact to be resolved *or discretion to be exercised* in selecting a financial award, then either side is entitled to a jury." *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) (emphasis added). By contrast, only "if there is no material dispute *and* a rule of law eliminates discretion in selecting the remedy, then summary judgment is permissible." *Id.* at 892-93 (emphasis added). Section 1692k(b) channels, but does not eliminate in any circumstance, the jury's discretion to award statutory damages. Accordingly, summary judgment is not appropriate for statutory damages.

The court recognizes that sending the question of statutory damages to the jury, with a maximum recovery of $1,000, may cause a waste of private and public resources that is difficult to justify. Indeed, some judges have suggested that awarding statutory damages absent any hint of actual damages may pose jurisdictional problems under Article III. As then-Judge Kennedy put it in a TILA case: "The judiciary must not be used as a mechanical device for enforcing sanctions when no real harm has been done to a cognizable legal interest. If a violation is *de minimus*, to insist that statutory penalties be awarded may contravene the constitutional rule that our jurisdiction is limited to a case or controversy." *Dixey v. Idaho First Nat'l Bank*, 677 F.2d 749, 753 (9th Cir. 1982) (Kennedy, J., concurring).

But the Seventh Circuit has held that "the [FDCPA] does not require proof of actual damages as a precursor to the recovery of statutory damages. In other words, the Act is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not." *Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998) (citations omitted); *see also Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1083 (7th Cir. 2013) ("Proof of injury is

not required when the only damages sought are statutory."); *Schlueter v. Latek*, 683 F.3d 350, 356 (7th Cir. 2012) ("There are … plenty of statutes that provide bounty-like relief in the form of statutory damages to which a plaintiff is entitled without proof of injury."). Although *Keele*, *Phillips*, and *Schlueter* do not address Article III specifically, the Seventh Circuit has held that plaintiffs have Article III standing to sue under the Video Privacy Protection Act, 18 U.S.C. § 2710, regardless of whether they suffered any actual injury. *See Sterk*, 770 F.3d at 623. The reasoning in *Sterk* applies equally to the FDCPA: "Congress may not lower the threshold for standing below the minimum requirements imposed by the Constitution, but Congress *does* have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Ibid.* (internal quotation marks omitted and emphasis added); *see also Matmanivong v. Nat'l Creditors Connection, Inc.*, __ F. Supp. 3d __, 2015 WL 536635, at *2-4 (N.D. Ill. Feb. 9, 2015) (rejecting an Article III challenge to a statutory damages lawsuit under the FDCPA).

The Supreme Court recently granted certiorari to consider a similar Article III issue in *Spokeo, Inc. v. Robbins*, 135 S. Ct. 1892 (2015). Unless and until the Supreme Court says otherwise, however, *Sterk* and *Keele* compel the conclusion that Gillespie has standing, and *BMG Music* and *Kobs* that summary judgment is not proper given the jury's residual discretion over statutory damages. Unfortunately for Blitt, this is so even though when it sued Gillespie at the Daley Center, then-binding Seventh Circuit precedent explicitly allowed it to do so.

After briefing on this motion concluded, Blitt brought to this court's attention an FDCPA case recently decided by another judge in this District, *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 2015 WL 4253795 (N.D. Ill. July 14, 2015). Doc. 42 at 1-2. *Oliva* is another of Gillespie's lawyers' lawsuits against debt collectors who filed a collection action at the Daley

Center pre-*Suesz*. The *Oliva* court granted summary judgment to the defendant, finding that it was not liable for filing in the wrong municipal district because, notwithstanding *Jerman*, the debt collector's "reliance on *Newsom* was not a legal error that would preclude application of the FDCPA's bona fide error defense." 2015 WL 4253795 at *4. Whether or not it was correctly decided, *Oliva* is inapposite. As noted above, Blitt has already conceded liability. Doc. 22; 3/10/2015 Tr. (Doc. 36-1) at 2-3. And *Oliva* says nothing about damages, which is the only issue raised by Blitt's summary judgment motion.

## Conclusion

For the foregoing reasons, Blitt's summary judgment motion is granted in part and denied in part. Gillespie cannot recover actual damages, but he may proceed as to statutory damages and, if successful, may attempt to recover his costs and attorney fees under § 1692k(a)(3).

July 23, 2015

United States District Judge

10